IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENMAR GHANNOUM and JONATHAN HARKNESS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 1:26-cv-933 |

## CLASS ACTION COMPLAINT

Plaintiffs Enmar Ghannoum and Jonathan Harkness, individually and on behalf of all others similarly situated, bring this class action under Fed. R. Civ. P. 23 against Defendant Uber Technologies, Inc. ("Uber") and allege the following:

**I.    INTRODUCTION**

1.    Uber provides on-demand transportation and food delivery services across the country and the world, including in the state of New York, through a mobile phone application and website.

2.    Plaintiffs and the class members have driven for Uber in New York, performing the core transportation and food delivery services Uber offers.

3.    Uber has misclassified its drivers, including Plaintiffs and the class members, as independent contractors, even though they are employees under New York law.

4.    By misclassifying its drivers as independent contractors, Uber has unlawfully shifted business expenses—including costs for vehicle maintenance, gas, insurance, phone and data usage, and other necessary expenses—onto Plaintiffs and the class members in violation of N.Y. Lab. Law §§ 193, 198-b.

5. Uber has failed to pay its drivers the applicable minimum wage under N.Y. Lab. Law § 652 and overtime premiums under 12 N.Y.C.R.R. § 142-2.2.

6. Uber has likewise failed to comply with wage notice, wage statement, and recordkeeping requirements under N.Y. Lab. Law § 195.

7. Plaintiffs bring these claims on behalf of themselves and all similarly situated drivers in New York under Fed. R. Civ. P. 23, seeking damages, penalties, injunctive relief, and all other available remedies.

## II. PARTIES

8. Plaintiff Enmar Ghannoum is an adult resident of Lyndhurst, New Jersey, and has driven for Uber in New York, including in New York City, since 2017.

9. Plaintiff Jonathan Harkness is an adult resident of Buffalo, New York, where he has driven for Uber since 2017.

10. Defendant Uber Technologies Inc. is incorporated in Delaware, with its principal place of business in San Francisco, California.

## III. JURISDICTION

11. This Court has jurisdiction over Plaintiffs' state law claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because Uber is a citizen of California and Delaware, the proposed class consists of more than 100 members who primarily reside in New York, and the amount in controversy exceeds $5 million.

12. Venue is proper under 28 U.S.C. § 1391, because Uber engages in extensive business activities in and throughout New York, including in this District.

## IV. FACTUAL BACKGROUND

13. Uber is a car service that provides on-demand rides to the general public, including in New York. It also provides food delivery services through its UberEats platform.

14. Uber engages drivers to complete rides for its customers, as well as pick up and deliver food to customers.

15. Plaintiffs and the class members performed those rides and deliveries for Uber in New York.

16. Uber has classified its drivers, including Plaintiffs, as independent contractors, even though they are employees under New York law.

17. Plaintiffs and other drivers provide services that are integral to Uber's business.

18. Without drivers like Plaintiff, Uber would not exist.

19. Uber has exercised extensive and systematic control over its drivers, who are the public face of its business.

20. Upon receiving a customer complaint, Uber—at its sole discretion—decides whether to suspend or permanently "deactivate" (terminate) a driver.

21. Uber has reserved the right to terminate drivers—and has done so—for failing to maintain a minimum average rating set by Uber.

22. Uber has instructed drivers with low ratings on how to improve their performance.

23. Uber has also retained the right to terminate drivers for specific "infractions," such as refusing trips based on destination, soliciting riders, delegating rides, canceling too many trips, or failing to accept enough trips or deliveries.

24. Uber has logged these infractions and other information in the personnel files it kept for each driver.

25. Uber has exclusively controlled pricing and the payment process, so drivers cannot negotiate fares with riders or food delivery customers.

26. Uber has unilaterally determined its cut of each fare or delivery and when and how drivers are paid.

27. Uber—not the driver—decides whether to charge customers cleaning fees for damaging the driver's vehicle.

28. Uber also controls trip assignments, preventing drivers from earning more by offering higher-quality service.

29. Uber likewise bars drivers from delegating trips or deliveries to others.

30. Uber uses geofencing to control where drivers can receive trip requests on the platform.

31. Besides a driver's license, Uber drivers do not need any qualifications or special skills to perform their work.

32. Uber compensates drivers on a per-trip or per-delivery basis, without accounting for the total time they spend working or the expenses they incur in performing their duties.

33. Uber does not reimburse drivers for any expenses incurred during their work. These expenses include owning or leasing and maintaining their vehicles, fuel, insurance, and phone and data charges required to work for Uber.

34. Drivers incur these expenses as a necessary condition of working for Uber. The burden of these costs functions as an unlawful deduction from wages. *See* N.Y. Lab. Law § 193(3)(a) ("No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages[.]").

35. Uber's practice of shifting business expenses onto drivers also violates N.Y. Lab. Law § 198-b, prohibiting any person from demanding or receiving any portion of an employee's wages or other compensation as a condition of obtaining or keeping employment.

36. Uber has violated Article 19 of the N.Y. Lab. Law, §§ 650 *et seq.*, and the corresponding regulations issued by the New York State Department of Labor, by failing to ensure that its drivers earn at least the applicable minimum wage for all hours worked. This failure is particularly evident after accounting for drivers' necessary business expenses for which Uber does not reimburse them.

37. For example, Plaintiff Enmar Ghannoum worked approximately 63 hours in the week of July 14, 2025, and, after accounting for unreimbursed expenses, made about $697 (excluding tips), earning less than the applicable minimum wage.

38. Uber has further violated Article 19 of the N.Y. Lab. Law, §§ 650 *et seq.*, and the supporting regulations, by failing to pay drivers the legally required overtime premium of one-and-one-half times their regular rate of pay for all hours worked over 40 per week.

39. Plaintiffs have worked more than forty hours per week since they began driving for Uber and were never paid the appropriate overtime premium.

40. The hours worked by drivers like Plaintiffs include time spent transporting passengers, driving to pick up passengers, returning from drop-off locations, and waiting for trip assignments on the Uber platform. For food delivery, their work time includes driving to pick up food orders, waiting for food orders to be prepared, and delivering the orders to customers.

41. Uber has also failed to provide drivers with wage notices and itemized wage statements containing the information necessary to understand how their pay was calculated.

## V.    CLASS ALLEGATIONS

42.    Plaintiffs bring this action under Fed. R. Civ. P. 23 on behalf of themselves and all other individuals who have worked as Uber drivers in New York during the applicable statute of limitations period.

43.    Uber has uniformly misclassified Plaintiffs and the class members as independent contractors.

44.    The class members are so numerous that joinder of all class members is impracticable.

45.    Resolving claims through a single class action, rather than through numerous individual suits, will promote judicial efficiency and benefit all parties.

46.    There are numerous and substantial questions of law and fact common to all members of the class, which predominate over any individual issues. These common questions of law and fact include, without limitation:

a.    Whether class members have been required to work under Uber's direction and control;

b.    Whether the work performed by class members—providing transportation services and food delivery to Uber's customers—is within the usual course of Uber's business and fully integrated into its operations;

c.    Whether class members are engaged in independently established businesses or occupations while performing ride services or food deliveries for Uber; and

d.    Whether class members have been required to bear their work expenses, including costs related to their vehicles, fuel, insurance, smartphones, and data plans.

47.    Plaintiffs are class members and have suffered damages because of Uber's misclassification of drivers as independent contractors.

48. Plaintiffs' claims are typical of the claims of the class, as he has been subject to the same policies and practices by Uber and suffered the same types of harm. Plaintiffs share the same interests as other class members in challenging Uber's uniform misclassification and wage practices.

49. Plaintiffs will fairly and adequately represent and protect the interests of the class. They have retained competent counsel with substantial experience in class action litigation and cases involving the legal issues presented here, including worker misclassification and wage-and-hour violations. Plaintiffs' interests are aligned with, and not antagonistic to, the interests of other class members.

50. Uber has acted on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declaratory relief appropriate concerning the class as a whole.

## COUNT I
### FAILURE TO REIMBURSE EXPENSES

51. Plaintiffs reallege the preceding paragraphs as though set forth in full below.

52. As set forth above, Uber has misclassified its drivers in New York as independent contractors in violation of the N.Y. Lab. Law, Article 6, §§ 190 *et seq.*, Article 19, §§ 650 *et seq.*, and the applicable regulations issued by the New York State Department of Labor.

53. As a result of this misclassification, drivers have been unlawfully required to bear the costs of their work—including expenses for leasing or maintaining their vehicles, fuel, insurance, phone and data usage, and other business-related expenses—in violation of N.Y. Lab. Law §§ 193 and 198-b and the supporting regulations.

54. Defendants' practice of shifting the costs of work-related expenses onto drivers constitutes an unlawful deduction from wages in violation of N.Y. Lab. Law § 193. These

deductions were not expressly authorized in writing by the employees, nor permitted by law, and were made for the benefit or convenience of the employer, thereby rendering them unlawful under the statute and its implementing regulations.

## COUNT II
### FAILURE TO PAY MINIMUM WAGES

55. Plaintiffs reallege the preceding paragraphs as though set forth in full below.

56. Uber has violated N.Y. Lab. Law, Article 19, §§ 650 *et seq.*, and the corresponding New York State Department of Labor regulations by failing to ensure its drivers receive the full minimum wage for all hours worked.

## COUNT III
### FAILURE TO PAY OVERTIME

57. Plaintiffs reallege the preceding paragraphs as though set forth in full below.

58. Uber has violated N.Y. Lab. Law, Article 19, §§ 650 *et seq.*, and the applicable New York State Department of Labor regulations, including 12 N.Y.C.R.R. § 142-2.2, by failing to pay drivers the required overtime premium of one-and-one-half times their regular rate for all hours worked beyond 40 hours in a workweek.

## COUNT IV
### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

59. Plaintiffs reallege the preceding paragraphs as though set forth in full below.

60. Uber has violated N.Y. Lab. Law, Article 6, § 195(3), and the applicable New York State Department of Labor regulations by failing to provide drivers with accurate wage statements.

61. These statements must include: the dates of work covered by the payment; the employee's and employer's names; the employer's address and phone number; the rate or rates of pay and the basis thereof (e.g., hourly, shift, daily, weekly, salary, piece rate, or commission);

gross wages; deductions; any allowances claimed as part of the minimum wage; net wages; regular and overtime hourly rates; and the number of regular and overtime hours worked.

## COUNT V
### FAILURE TO COMPLY WITH NOTICE AND RECORDKEEPING REQUIREMENTS

62. Plaintiffs reallege the preceding paragraphs as though set forth in full below.

63. Uber has violated N.Y. Lab. Law, Article 6, § 195(1), and the applicable New York State Department of Labor regulations by failing to provide its drivers with a written notice at the time of hire containing the following information: the rate or rates of pay and the basis thereof (e.g., by the hour, shift, day, week, salary, piece, commission, or other); any allowances claimed as part of the minimum wage, including tip, meal, or lodging allowances; the designated regular payday; the name of the employer and any "doing business as" names; the physical address of the employer's main office or principal place of business; a mailing address, if different; and the employer's telephone number.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all other individuals who have worked as Uber drivers in New York during the relevant statute of limitations, respectfully request the following relief:

    a. Declaratory judgment that Plaintiffs and the members of the class are Uber's employees—not independent contractors—under New York law;

    b. Injunctive relief directing Uber to comply with all applicable provisions of the N.Y. Lab. Law and corresponding regulations;

    c. Certification of the proposed class under Fed. R. Civ. P. 23;

    d. An order requiring Uber to provide a complete and accurate accounting of all wages, reimbursements, and other compensation owed to Plaintiffs and the class members;

  e. An award of damages for all unpaid wages, unreimbursed expenses, and liquidated damages owed to Plaintiffs and the class members due to their misclassification under New York law;

  f. An award of penalties under applicable law;

  g. An award of prejudgment interest;

  h. An award of attorneys' fees and costs under applicable law; and

  i. Such other and further relief as the Court deems just and proper.

Dated: February 3, 2026      Respectfully submitted,

ENMAR GHANNOUM and JONATHAN HARKNESS, individually and on behalf of all others similarly situated,

By their attorneys,

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (NY Bar No. 2971927)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com